IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

XIAOQING ZHENG

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal Action No. 18-MJ-00434 (CFH)

(Hon. Christian F. Hummel)

STIPULATION AND ORDER
FOR ENLARGEMENT OF TIME

## STIPULATION

It is hereby stipulated and agreed, by and between the defendant, XIAOQING ZHENG (by Kevin Luibrand, Esq.) and Grant C. Jaquith, United States Attorney for the Northern District of New York (by Richard Belliss, Assistant United States Attorney), that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of the signing of this Order, and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1. The chronology of this case is as follows:

   a. Date of complaint: August 1, 2018

   b. Date of initial appearance in the NDNY: August 1, 2018

   c. Defendant custody status: defendant is released on conditions

      i. Date United States moved for detention in the NDNY: N/A

      ii. Date of detention hearing in the NDNY: August 2, 2018

iii. Date detention decision issued: August 2, 2018

    d. Prior enlargements of time and exclusions under the Speedy Trial Act: one prior enlargement excluding the time running from August 23, 2018 through October 22, 2018.

2. The United States and the defendant have requested the continuance based on the following facts and circumstances:

    a. The defendant had his initial appearance before this Court on August 1, 2018 in connection with a criminal complaint filed in the NDNY alleging one count of Theft of Trade Secrets, in violation of 18 U.S.C. § 1832(a)(1).

    b. The government has provided the defense with some informal discovery, specifically a copy of the defendant's recorded interview with investigators on August 1, 2018 as well as materials from the defendant's employee personnel file. The interview is approximately three hours in length. Moreover, the pending criminal complaint alleges a variety of facts concerning the alleged crime and the facts leading up to the filing of the complaint. Due to the complex nature of events, the defense attorney needs additional time to consult on substantive matters with the defendant or to conduct a defense investigation concerning all of the allegations in the criminal complaint. The defendant's counsel will need some time to review the evidence provided by the government, conduct its own investigation, and determine whether plea negotiations should be discussed.

3. The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. The nature of the investigation, its complexity, the need for additional time for the defense attorney to consult with the defendant and to review evidence, and the parties desire to avoid unnecessary grand jury practice, make it unreasonable to expect the defense to be prepared to defend this case

during the initial stages of the investigation, taking into account the exercise of due diligence.

4. The parties stipulate and agree that the time period running thirty (30) days from the date of the Court=s order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: October 12, 2018   GRANT C. JAQUITH
United States Attorney

By: Richard Belliss
Assistant U.S. Attorney
Bar Roll No. 515295

October 4, 2018

Kevin Luibrand
Attorney for Xiaoqing Zheng
Bar Roll No. 102083

## ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial because (i) the nature of the investigation, its complexity, and the need for the parties to review the evidence make it unreasonable for the return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence; (ii) the speed with which this matter has proceeded has made it unreasonable to expect the defense to adequately prepare its defense during the initial stages of this case, taking into account the exercise of due diligence; and (iii) the parties seek to avoid unnecessary grand jury practice.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED that (i) the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including thirty

(30) days from the date of the signing of this Order; and (ii) that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial for the reasons stipulated above.

Dated:     October 16th, 2018

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge